IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIRST GUARD INSURANCE COMPANY, | ) ) ) | CIVIL ACTION NO. 3:17-59 |
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| BLOOM SERVICES, INC., JASON FOSTER, JOSEPH W. HALLMAN and ARTISAN & TRUCKERS CASUALTY COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is a Motion for Summary Judgment filed by Plaintiff First Guard Insurance Company ("First Guard") (ECF No. 33). For the reasons explained below, the Court will **grant** First Guard's Motion for Summary Judgment.

### II. Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1332. Venue is proper because a substantial portion of the events giving rise to the case occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391(b).

### III. Background

This dispute concerns whether Plaintiff First Guard has duties to defend and indemnify a trucking company and its driver who was involved in a motor vehicle accident. The Court will first summarize the course of the litigation before evaluating the relevant facts.

On April 11, 2017, First Guard filed its Complaint for Declaratory Judgment against Artisan & Trucker's Casualty Co. ("Artisan"), Bloom Services, Inc. ("Bloom Services"), Jason Foster, and Joseph Hallman. (ECF No. 1.) First Guard's Complaint for Declaratory Judgment asserted three counts requesting the following declarations: (1) that First Guard has no duty to defend or indemnify Jason Foster with respect to any claims brought by Joseph Hallman arising from or relating to the motor vehicle accident between Foster and Hallman; (2) that First Guard has no duty to defend or indemnify Bloom Services, the company for whom Foster was allegedly driving when he was involved in the accident with Hallman; and (3) that Artisan—rather than First Guard—is obligated to indemnify Foster and Bloom Services with respect to Hallman's claims against them. (*Id.* at ¶¶ 28-39.)

The parties held a mediation on November 7, 2017. (ECF No. 29.) At the mediation, the parties resolved Count 3, i.e. the issue of Artisan's coverage responsibility with respect to Hallman's claims against Foster and Bloom Services. (ECF No. 34 at 4.) The parties' agreement states that Artisan reserves the right to seek reimbursement from Foster and Bloom Services. (ECF No. 36 at 34-36.)

Despite the parties' having settled the issue of Artisan's coverage responsibility, First Guard is concerned that, if and when Artisan pursues reimbursement from Foster and Bloom Services, Foster and/or Bloom Services will turn around and claim coverage from First Guard. (ECF No. 34 at 4) Thus, First Guard filed its Motion for Summary Judgment on Count 1 and Count 2, in which First Guard seeks declarations that it has no duty to defend or indemnify Foster or Bloom Services. (ECF No. 1 at ¶¶ 28-39.)

First Guard filed its Motion for Summary Judgment on December 11, 2017. (ECF No. 33.) Pursuant to this Court's Practices and Procedures, Foster and Bloom Services had 30 days to respond. (*See* "Practices and Procedures or Judge Kim R. Gibson" at 2.) However, neither Foster nor Bloom Services filed a response to First Guard's Motion for Summary Judgment.

**IV. Legal Standard**

**A. Summary Judgment**

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

Federal Rule of Civil Procedure 56 governs summary judgment. *See* Fed. R. Civ. P. 56. Section (c) describes the "Procedures" a party must follow when moving for summary judgment. *Id.* Subsection (c)(1), titled "Supporting Factual Positions," requires that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1).

Section (e) applies where a party fails to address a fact contained in the moving party's concise statement of material facts. Under Rule 56(e),

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> . . .
> (2) consider the fact undisputed for purposes of the motion; [or]
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . .

*Id.; see, e.g., Cooper v. Martucchi*, No. 2:15-CV-00267-LPL, 2016 WL 1726113, at *2 (W.D. Pa. Apr. 28, 2016) (citing Fed. R. Civ. P. 56(e)(1)-(3)) (noting that "[w]here the non-moving party fails to respond to a summary judgment motion, that failure does not automatically result in the entry of summary judgment for the movant" and explaining that the Court may, however, "consider the asserted facts undisputed" and grant summary judgment in favor of the moving party if the undisputed facts establish that the movant is entitled to relief as a matter of law.)

Local Rule 56(E) provides . . . [that] the uncontroverted content of the movant's statement of material fact is deemed admitted and carries conclusive weight for the purposes of summary judgment motions." *Wylie v. TransUnion, LLC*, No. 3:16-CV-102, 2017 WL 4386404, at *3 (W.D. Pa. Sept. 29, 2017) (Gibson, J.); *see Westfield Ins. v. Detroit Diesel Corp.*, No. 3:10-CV-100, 2012 WL 1611311, at *1 (W.D. Pa. May 8, 2012) (deeming facts in moving party's concise statement of material facts admitted when opposing party failed to file a responsive concise statement of material facts); *see also Kitko v. Young*, No.

5

CIV.A. 3:10-189, 2013 WL 5308016, at *1 (W.D. Pa. Sept. 20, 2013) (Gibson, J.) (holding that "[f]acts insufficiently denied and not otherwise controverted, however, have been deemed admitted per Local Civil Rule of Court ("Local Rule") 56E.").

As noted above, Defendants Foster and Bloom Services never filed responsive concise statements of material facts to First Guard's Concise Statement of Material Facts. In accordance with Federal Rule of Civil Procedure 56(e) and Local Civil Rule of Court 56.E, the Court will deem all facts contained in First Guard's Concise Statement of Material Facts (ECF No. 35) admitted.

Having deemed the uncontroverted facts contained in First Guard's Concise Statement of Material Facts admitted, the Court will next determine whether the First Guard has shown that it is entitled to summary judgment.

## V. Discussion

### A. First Guard's Motion for Summary Judgment

#### 1. Uncontested Facts

Before evaluating the merits of the First Guard's Motion for Summary Judgment, the Court will review the facts that the Court deems admitted due to Defendants Foster's and Bloom Services' failures to respond to the First Guard's Concise Statement of Material Facts. The following facts are derived from First Guard's Concise Statement of Material Facts (ECF No. 35) unless otherwise noted.

Defendant Foster is a commercial truck driver. (ECF No. 35 at ¶ 1.) Foster was involved in a tractor trailer accident with Defendant Hallman on January 16, 2016. (*Id.*) While Foster owned

6

his tractor trailer, Foster's tractor trailer was under lease to Defendant Bloom Services at the time of the accident. (*Id.*) Bloom Services is a motor carrier under all applicable regulations. (*Id.*)

First Guard insured Foster and his tractor trailer under a "non-trucking" policy (the "Policy"). (*Id.* at ¶ 2.) Pursuant to the Policy, "non-trucking" means when the truck is "operating solely for personal use unrelated to any business activity." (*Id.; see also* "Policy Definitions," ECF No. 36 at 13.) Furthermore, the Policy explicitly excludes coverage for any truck that is: (a) "being operated for an economic or business purpose . . ."; (b) "being operated under the expressed or implied management, control, or dispatch . . . of a motor carrier"; or (e) is "attached to a trailer loaded with property of any type." (ECF No. 35 at ¶ 2; *see also* "Policy Definitions," ECF No. 36 at 13.) The Policy also relieves First Guard of any duty to defend the insured against a suit in which the Policy's "non-trucking" coverage does not apply. (ECF No. 35 at ¶ 5; *see also* "What We Will Pay – Subject to Exclusions," ECF No. 36 at 24.)

At the time of the accident, Foster "had been dispatched by Bloom Services . . . to pick up a load of material" for Bloom Services. (ECF No. 35 at ¶ 7; *see also* Bloom Services' Responses to First Guard's Requests for Admissions, ECF No. 36 at 4.) Furthermore, Foster was "acting under the authority and control, and for the express business purposes of Bloom [Services]." (ECF No. 35 at ¶ 7.) Thus, Foster's trailer "was not 'non-trucking' as defined under the First Guard Policy . . . ." (*Id.* at ¶ 8.)

### 2. The Court Will Grant Summary Judgment on First Guards' Claims for Declaratory Judgment Against Foster and Bloom Services

"Under Pennsylvania law, ambiguous writings are interpreted by the fact finder and unambiguous writings are interpreted by the court as a question of law." A*m. Eagle Outfitters*, 584

7

F.3d at 587 (quoting *Allegheny Int'l v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1424 (3d Cir. 1994)); *Spruce St. Properties, Ltd. v. Noblesse*, No. 2:09CV1405, 2011 WL 4368398, at *6 (W.D. Pa. Sept. 19, 2011); *Aquatrol Corp. v. Altoona City Auth.*, No. CV-03-252J, 2006 WL 2540797, at *9 (W.D. Pa. Aug. 31, 2006) (Gibson, J.)

In Pennsylvania, "the question of whether a contract is ambiguous is a question of law." *Kripp v. Kripp*, 578 Pa. 82, 91, 849 A.2d 1159, 1164 (2004) (citing *Easton v. Washington County Ins. Co.*, 391 Pa. 28, 137 A.2d 332 (1957)); *see Ankerstjerne v. Schlumberger, Ltd.*, 155 F. App'x 48, 49–50 (3d Cir. 2005) (citing *St. Paul Fire & Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 (3d Cir. 1991)).

Under Pennsylvania law, the purpose of interpreting an insurance contract "is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy." *401 Fourth St., Inc. v. Inv'rs Ins. Grp.*, 583 Pa. 445, 454–55, 879 A.2d 166, 171 (2005) (citing *Gene & Harvey Builders, Inc. v. Pennsylvania Manufacturers' Association Ins. Co.*, 512 Pa. 420, 517 A.2d 910, 913 (1986)).

"When the language of the policy is clear and unambiguous, a court is required to give effect to that language." *401 Fourth St.*, 583 Pa. at 455 (citing *Gene & Harvey*, 517 A.2d at 913); *Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.*, 562 F.3d 591, 595 (3d Cir. 2009) (quoting *Donegal Mut. Ins. Co. v. Baumhammers*, 595 Pa. 147, 155, 938 A.2d 286, 290 (2007)); *McMillen Eng'g, Inc. v. Travelers Indem. Co.*, 744 F. Supp. 2d 416, 424 (W.D. Pa. 2010) (internal citations omitted).

First Guard is entitled to summary judgment. The Policy explicitly states that it does not apply to a vehicle "being operated for an economic or business purpose . . ." or "being operated under the expressed or implied management, control, or dispatch . . . of a motor carrier." (ECF

No. 35 at ¶ 2; *see also* "Policy Definitions," ECF No. 36 at 13.) It is undisputed that Foster "had been dispatched by Bloom Services" and was "acting under the authority and control, and for the express business purposes of Bloom [Services]" when the crash occurred. (ECF No. 35 at ¶ 7; *see also* Bloom Services' Responses to First Guard's Requests for Admissions, ECF No. 36 at 4.)

In light of these uncontested facts, no reasonable jury could conclude that Foster's vehicle was covered by the Policy when Foster was involved in the accident with Hallman. Because Foster's vehicle was not covered by the Policy at the time of the accident as a matter of law, First Guard has no duty to defend or indemnify Foster or Bloom Services under the clear and unambiguous language of the Policy. Therefore, First Guard is entitled to summary judgment and the declaratory relief it seeks.

## VI. Conclusion

As explained above, the Court will grant summary judgment in favor of First Guard and enter the following declarations: (1) First Guard has no duty to defend or indemnify Jason Foster with respect to any claims arising from his collision with Joseph Hallman, and (2) First Guard has no duty to defend or indemnify Bloom Services with respect to any claims arising from Foster's collision with Hallman.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIRST GUARD INSURANCE COMPANY, | ) ) ) | CIVIL ACTION NO. 3:17-59 |
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| BLOOM SERVICES, INC., JASON FOSTER, JOSEPH W. HALLMAN and ARTISAN & TRUCKERS CASUALTY COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 16th day of February 2018, upon consideration of First Guard's Motion for Summary Judgment (ECF No. 33), and in accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** as follows:

1. The Court will **GRANT** First Guard's Motion for Summary Judgment in its entirety and issue the following declarations:

   a. With respect to Count 1, First Guard has no duty to defend or indemnify Jason Foster with respect to any claims arising from his collision with Joseph Hallman;

   b. With respect to Count 2, First Guard has no duty to defend or indemnify Bloom Services with respect to any claims arising from Foster's collision with Hallman.

2. The Court directs the Clerk to close the case.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE